■ CATHERINE P. McCRACKEN, as Administratrix of the Estate of GRANT G. McCRACKEN, Deceased, Plaintiff, v. SOUTHERN WOOD PRESERVING COMPANY et al., Defendants. NEW YORK CENTRAL RAILROAD COMPANY, Third-Party Plaintiff-Appellant-Respondent, v. GENERAL MOTORS CORPORATION, Third-Party Defendant-Respondent-Appellant.— Order insofar as it dismissed the first cause of action set forth in the third-party complaint unanimously reversed and motion denied, and order otherwise affirmed, without costs of these appeals to any party. Memorandum: The side track agreement provides that damage caused by the concurring negligence of both parties shall be divided and borne equally by them. If New York Central Railroad Company succeeds in proving concurring negligence by General Motors Corporation it will be entitled to collect one half of

the damages for which it is held liable to plaintiff. Under these circumstances as to New York Central Railroad Company, General Motors is certainly "a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him" within the language of CPLR 1007 which authorizes the institution of a third-party action. In the event it should be found upon the trial that General Motors was actively negligent and New York Central was passively negligent, the former, of course, might be liable for the full recovery. (Appeal by New York Central Railroad Co., defendant and third-party plaintiff, from certain parts of an order of Erie Special Term granting third-party defendant's motion to dismiss the first cause of action in third-party complaint; also appeal by third-party defendant, General Motors Corp., from certain parts of the same order which denied its motion to dismiss second cause of action in third-party complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.